**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4289

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEZMOND COHEN, a/k/a Dezmund Trevon Cohen, a/k/a Dezmond Trevon Cohen, a/k/a Dezmund Trevor Cohen,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Timothy M. Cain, District Judge.  (7:19-cr-00689-TMC-2)

Submitted:  January 17, 2023                     Decided:  January 19, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, ESQ., Myrtle Beach, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dezmond Cohen pled guilty to conspiracy to distribute a mixture of drugs, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2), 846, and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Cohen to 237 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the district court's calculation of the Sentencing Guidelines range and the reasonableness of Cohen's sentence. Although advised of his right to do so, Cohen has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Cohen's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo, and "we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Id.* (internal quotation marks omitted). To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record

2

indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Cohen knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. Further, Cohen's challenges to the district court's calculation of the Guidelines range and the reasonableness of his sentence fall squarely within the waiver's scope. We therefore conclude that the appeal waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Cohen's valid appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Cohen, in writing, of the right to petition the Supreme Court of the United States for further review. If Cohen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cohen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3